## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

In re:  
  
ERIC STEPHEN CANGELOSI, SR. and  
AILEEN A. CANGELOSI  

      Debtor.[1]  
_____/

Case No. 8:19-bk-03978-RCT  
Chapter 13

### TRUSTEE'S UNFAVORABLE RECOMMENDATION AND OBJECTION CONCERNING CONFIRMATION OF THE PLAN

TO:  Clerk, United States Bankruptcy Court

<u>Trustee's Recommendation to the Court</u>.  The Trustee cannot recommend confirmation of the Chapter 13 Plan at this time and objects to confirmation based on the following:

1. The Trustee requests the following additional documents, to be provided within twenty-one (21) days unless otherwise specified, to determine if the Debtor has dedicated all disposable income to the Plan and/or met the best interest of creditors test:

   a. Business income tax returns for 2017 and 2018;

   b. Personal income tax returns for 2018;

   c. Debtor's pay advices/proof of monthly income for 10/12/2018, 1/4/2019, 1/11/2019, 3/5/2019;

   d. Joint-Debtor's pay advices/proof of monthly income for 10/12/2018, 1/4/2019, 1/11/2019.

2. It does not appear that the Debtor has dedicated all disposable income to the proposed Plan as required by 11 U.S.C. §1325(b)(1)(B).

   a. Debtor's Official Form 122C-1 needs to be amended to correct line 2 because it is understated based on the Debtor's pay advices/testimony;

---

[1] All references to "Debtor" shall include and refer to both of Debtors in a case filed jointly by two individuals.

    b. Debtor(s) Official Form 122C-2 needs to be amended to correct line(s) 13b, 15, 33b and 34 because they are overstated based on the Debtor's pay advices/testimony/tax returns;

    c. All tax refunds must be committed to the Plan for each year during the applicable plan period, beginning with the tax year 2018. The Debtor should not spend ANY tax refund without prior Court approval because they may be required to turn over the refund to the Trustee in addition to regular Plan payments.

3.     The Plan does not appear to meet the best interest of creditor's test pursuant to 11 U.S.C. §1325(a)(4) because it appears the Plan does not pay unsecured creditors the value of what they would receive in a case under Chapter 7. The Debtor has not listed the following property/value of property on Schedule A/B: vehicle, bank accounts, money market accounts, Ace Plumbing business.

4.     An Amended Plan must be filed because:

    a. The Plan fails to provide for the treatment of Specialized Loan Servicing pursuant to 11 U.S.C. §1325(a)(5) and/or 11 U.S.C. §1322;

    b. The Plan fails to provide for adequate protection payments to the secured creditor(s): Specialized Loan Servicing as required by the Administrative Order Prescribing Procedures for Chapter 13 Cases. The Debtors received a trial modification after filing this case;

    c. The Plan does not provide for 31% of the Debtor's gross income for adequate protection on a mortgage that the Debtors are seeking to modify.

5.     The Plan fails to meet the requirements of 11 U.S.C. Section 1325(a)(6) and Section 1325(b)(1)(B) because the Debtor is proposing to modify their home mortgage, which proposal is speculative in nature. Any attempt to modify the mortgage must be completed prior

to confirmation and approved by the Court. A copy of the modification agreement must be provided to the Trustee's office as soon as available. If a loan modification is approved, the Debtor must amend the Plan and budget accordingly.

6. It appears that this case is a business case and the Chapter 13 Trustee's office may further investigate the Debtor's business. The Debtor shall, on or before April 15 of each year following confirmation of the Plan, provide the Chapter 13 Trustee with complete copies of all personal and business federal income tax returns from the prior year, together with all W-2s and Form 1099s.

7. The Trustee reserves the right to request further information or raise further objections prior to or at the confirmation hearing.

I HEREBY CERTIFY that a true and correct copy of the Trustee's Unfavorable Recommendation and Objection Concerning Confirmation of the Plan was furnished electronically and/or by First Class U.S. Mail to ERIC & AILEEN CANGELOSI, 264 Tulane Road, Venice, FL 34293; ALEXANDER SCOTT DENNISON, 935 N Beneva Road, Suite 609, #103, Sarasota, FL 34232 and the U.S. TRUSTEE, 501 East Polk Street, Suite 1200, Tampa, Florida 33602, on this 21st day of June, 2019.

/s/ Caroline Printy, Esquire
CAROLINE PRINTY, ESQUIRE
Post Office Box 6099
Sun City Center, Florida 33571-6099
Phone (813) 658-1165
Facsimile (813) 658-1166
Florida Bar No. 40898
Attorney for the Trustee

KR/tem

3